**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00064-MR
[CRIMINAL CASE NO. 1:07-cr-00098-MR]**

| | |
|---|---|
| HOMERO MARTINEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**I.    Initial Screening**

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f). Furthermore, Petitioner has not signed the petition under penalty of perjury.[1]

---

[1] On March 12, 2013, the Clerk mailed Petitioner a letter instructing him to sign the petition. [Doc. 2].

**II.     Discussion**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner pled guilty on December 26, 2007, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  [Criminal Case No. 1:07cr98, Doc. 24: Judgment].  On April 23, 2008, this

Court sentenced Petitioner to 140 months' imprisonment. Judgment was entered on April 29, 2008. [Id.]. Petitioner appealed on May 6, 2008, but he filed a subsequent motion to dismiss the appeal. The Fourth Circuit dismissed the appeal on August 14, 2008, and issued its mandate the same day. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) on August 14, 2008. Petitioner did not file his Section 2255 motion to vacate, however, until more than four years later on March 12, 2013. It appears, therefore, that Petitioner's Motion to Vacate is untimely.

In Section 18 of the petition regarding timeliness, Petitioner has provided the following explanation as to why the one-year limitations period does not bar his motion:

> [Petitioner] does not have to show cause and prejudice to collaterally attack enhanced sentence on the ground that the district court lacked jurisdiction to impose sentence, even though defendant failed to object to the enhancement on jurisdictional grounds at trial or on direct appeal, as jurisdictional defect arising from prosecutor's failure to file information concerning prior conviction before the acceptance of [Petitioner's] guilty plea could not be procedurally defaulted. Comprehensive Drug Abuse Prevention and Control Act of 1970, 411(a)(1), 21 U.S.C.A. 851.

[Doc. 1 at 27]. Thus, Petitioner has already attempted to provide an explanation as to why he contends that he was not required to file his petition within one year of the date on which his conviction became final.

3

The Court will, nevertheless, in an abundance of caution, grant Petitioner another 20 days in which to provide an additional explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 20 days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

**IT IS FURTHER ORDERED** that Petitioner shall also have 20 days from entry of this Order in which to return a copy of the Section 2255 Motion to Vacate, signed in his own handwriting under penalty of perjury. If Petitioner does not submit such signed Motion to Vacate within 20 days from entry of this Order, the petition may be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: March 19, 2013

Martin Reidinger
United States District Judge