# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00064-MR
# [CRIMINAL CASE NO. 1:07-cr-00098-MR]

| | | |
|---|---|---|
| HOMERO MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and Petitioner's Response to the Court's Order of March 20, 2013 [Doc. 4].

## I. BACKGROUND

This matter is before the Court following an initial screening of the Motion to Vacate and the Court's Order dated March 20, 2013, entered pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), giving Petitioner twenty days in which to explain to the Court why his petition should not be dismissed as untimely.[1]  On April 8, 2013, Petitioner

---

[1] The Court also noted in the Order that Petitioner had not signed the petition under

submitted a response brief providing an explanation regarding the timeliness of the petition. [Doc. 4].

## II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

penalty of perjury. Additionally, on March 12, 2013, the Clerk had mailed Petitioner a letter instructing him to sign the petition. [Doc. 2]. In his response dated April 8, 2013, Petitioner attached a copy of the last page of his petition signed under penalty of perjury. [Doc. 4 at 5].

28 U.S.C. § 2255(f).

Here, Petitioner pled guilty on December 26, 2007, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:07cr98, Doc. 24: Judgment]. On April 23, 2008, this Court sentenced Petitioner to 140 months' imprisonment. Judgment was entered on April 29, 2008. [Id.]. Petitioner appealed on May 6, 2008, but he filed a subsequent motion to dismiss the appeal. The Fourth Circuit dismissed the appeal on August 14, 2008, and issued its mandate the same day. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) on August 14, 2008. Petitioner's Section 2255 Motion to Vacate, however, was not filed until more than four years later on March 12, 2013.[2]

In his original Motion to Vacate, Petitioner provided the following explanation as to why the one-year limitations period does not bar his motion:

> [Petitioner] does not have to show cause and prejudice to collaterally attack enhanced sentence on the ground that the district court lacked jurisdiction to impose sentence, even though

---

[2] Petitioner's Motion was filed with the Clerk's Office on March 12, 2013. The date of mailing is unclear from Petitioner's original Motion, as Petitioner left blank the line in his Section 2255 petition indicating the date on which he placed the petition in the prison mailing system. [See Doc. 1 at 28].

3

> defendant failed to object to the enhancement on jurisdictional grounds at trial or on direct appeal, as jurisdictional defect arising from prosecutor's failure to file information concerning prior conviction before the acceptance of [Petitioner's] guilty plea could not be procedurally defaulted. Comprehensive Drug Abuse Prevention and Control Act of 1970, 411(a)(1), 21 U.S.C.A. 851.

[Doc. 1 at 27].

Next, in response to this Court's Order dated March 20, 2013, Petitioner has provided the following, additional explanation as to why his petition should not be dismissed as untimely:

> [Petitioner's] counsel deliberately delayed [Petitioner] from filing his 2255 motion within the one-year limitation period, in which the attorney sent [Petitioner] a 2255 form on August 6, 2008, and on August 27, 2010, he sent Petitioner the (2-year long) requested items that the attorney knew or should have known that [Petitioner] would need to file his 2255 motion correctly.

[Doc. 4 at 2]. In further support of his Response, Petitioner attached a letter from trial counsel dated August 27, 2010, and stating in part, "Pursuant to your written request I am enclosing the following: (1) Written Plea Agreement; (2) Rule 11 Inquiry and Acceptance of Plea; (3) Draft Presentence Investigation Report: 02/19/08; (4) Final Presentence Investigation Report: 03/21/08; and (5) Judgment." [Id. at 4]. Petitioner

does not indicate, however, when he made the written request for these documents, nor has he attached his written request.

Petitioner's explanation as set out in his original Motion and his additional explanation fail to show that his Motion was timely filed. These explanations also provide no grounds for the application of equitable tolling. Even assuming that Petitioner requested certain documents from counsel within the one-year limitations period and counsel was delinquent in sending the documents, this did not prevent Petitioner from filing his Motion to Vacate within the one-year limitations period, as he was not required to attach these documents to the Motion. Therefore, Petitioner has not provided grounds for equitable tolling. Accord Williams v. Clark, No. CV-07-1582-AHM (PLA), 2008 WL 474343, at *5 (C.D. Cal. Jan. 3, 2008) ("To the extent that petitioner is claiming that he is entitled to equitable tolling based on the failure of either his trial counsel or his appellate counsel to provide him with his files and records, petitioner's allegations do not warrant equitable tolling.").

## III. CONCLUSION

In sum, the Court finds that the Motion to Vacate must be dismissed as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate [Doc. 1] is dismissed as untimely. The Clerk is directed to terminate the case.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.   Signed: May 25, 2013

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge